IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02287-PAB-KMT

JAYME SANFORD, and
SANFORD INSURANCE, INC.,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER OF REMAND

The Court takes up this matter *sua sponte* on defendant Allstate Insurance Company's ("Allstate") notice of removal [Docket No. 1].  The notice of removal ("Notice") of the state court action is made pursuant to 28 U.S.C. § 1446(b), alleging that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Plaintiffs, Colorado citizens, brought a state court action against Allstate, an Illinois citizen, and two additional non-diverse defendants from Colorado. Notice, ex. 3. According to Allstate, the Arapahoe County District Court dismissed all claims against the non-diverse defendants on August 25, 2009. Notice, ex. 5. Allstate claims that the state court dismissal of the non-diverse parties renders the case removable under 28 U.S.C. § 1446(b), which provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

With the dismissal of the Colorado defendants, Allstate contends that federal jurisdiction is proper because the amount in controversy exceeds $75,000 and the case is now between citizens of different states. *See* 28 U.S.C. § 1332(a).

The case, however, has not become properly removable. "[T]he circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th

2

Cir. 1999) (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486-88 (10th Cir. 1979)).[1] The rule originated in a pair of Supreme Court decisions at the turn of the last century. "What it requires is a voluntary act of the plaintiff which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change." *DeBry*, 601 F.2d at 487 (citing *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92 (1898)). A state court's dismissal of a non-diverse party on the merits, by extension, does not render a case removable. *See id.* (citing *Whitcomb v. Smithson*, 175 U.S. 635 (1900)). The Tenth Circuit, along with other courts, has recognized the survival of this rule after the 1949 amendment to Section 1446. *See DeBry*, 601 F.2d at 487-88; *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) ("Every court of appeals that has addressed the voluntary/involuntary rule has held that it survived the enactment of section 1446(b).") (citing, *inter alia*, *DeBry*).[2]

Here, the dismissal of the non-diverse defendants was not a result of plaintiffs' voluntary act. Rather, the non-diverse defendants, Ken Philbrick and Ken Philbrick

---

[1] "[T]he rule does not apply when the involuntary dismissal is predicated on a finding that the jurisdictional spoiler has been fraudulently joined." 19A Charles Alan Wright et al., *Federal Practice and Procedure: Juris. App. Fed. Jud.*, Revision Pt. III, Rptr. Note C. Here, Allstate filed a notice of removal in the United States District Court for the District of Colorado on December 22, 2008, arguing that the non-diverse plaintiffs had been fraudulently joined. Civil Case No. 08-cv-02778-RPM-KLM, Docket No. 1. Plaintiffs filed a motion to remand on January 21, 2009, which was granted on March 17, 2009 in an order finding that "Allstate ha[d] not carried its burden of showing that the [non-diverse] Defendants were fraudulently joined." 08-cv-02778, Docket No. 27.

[2] *See Poulos*, 959 F.2d at 72 ("Suffice it to say that when Congress referred to 'a case which is or has become removable,' in section 1446(b), Congress apparently intended to incorporate the existing definition of 'removable,' a definition that included the voluntary/involuntary rule.").

Agency, Inc., filed a motion to dismiss. Notice, ex. 5. The state court granted this motion, which had the effect of dismissing all claims against the non-diverse defendants. Allstate's removal of this action from state court was therefore improper. As a result, it is

**ORDERED** that this case be remanded to the District Court for Arapahoe County, Colorado, where it was assigned case number 09CV1553.

DATED October 21, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge